Fundus v Stop & Shop Supermarket Co. LLC (2023 NY Slip Op 01644)

Fundus v Stop & Shop Supermarket Co. LLC

2023 NY Slip Op 01644

Decided on March 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2023

Before: Kern, J.P., Oing, Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 154030/14 Appeal No. 17582 Case No. 2022-00554 

[*1]Kenneth Fundus et al., Plaintiffs-Appellants,
v
The Stop & Shop Supermarket Company LLC et al., Defendants-Respondents, Michael Scarola, et al., Defendants.

Abrams Fensterman, LLP, Brooklyn (Anthony J. Genovesi of counsel), for appellants.
Creedon & Gill, PC, Northport (Peter J. Creedon of counsel), for The Stop & Shop Supermarket Company LLC and M&M Holding Corp., respondents.
The Law Offices of John J. Bello, Jr., New York (Scott Pero of counsel), for Greenwich Street Productions Inc., respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 24, 2021, which, insofar as appealed from as limited by the briefs, granted defendants Greenwich Street Productions, Inc., The Stop & Shop Supermarket Company LLC, and M&M Holding Corp.'s (collectively defendants) motions for summary judgment dismissing the negligence claims as against them, and denied plaintiffs' motion for partial summary judgment on those claims as against Greenwich and Stop & Shop, unanimously affirmed, without costs.
Plaintiff was removing sheets of plywood, one at a time, from a stack of such sheets contained in a large container stored on the parking lot of a sound stage. The plywood was to be used for the purpose of building a movie set at another location. Plaintiff stood inside the container and handed the sheets to coworkers. He was injured when the stack of plywood shifted, struck him, and pinned him to the wall of the container. Besides plaintiff, no one testified about witnessing the accident.
The court correctly granted defendants' motions for summary judgment dismissing the negligence claims against them. Plaintiff attributed his accident to two causes: a failure to provide additional workers to assist him, and the manner in which the plywood sheets were stacked in the container. Plaintiff's accident, therefore, was caused solely by the means and methods of the work, and not by any defective condition on the premises. Defendants established their entitlement to summary judgment by showing that they did not exercise any authority over the injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144-146 [1st Dept 2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2023